E-FILED
Wednesday, 21 September, 2022  10:48:11 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHARLES DONELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 22-cv-3177-MMM |
| | ) | |
| MINDI, | ) | |
| | ) | |
| Defendant. | ) | |

### MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, files a complaint under 42 U.S.C. § 1983 alleging a violation of his constitutional right to due process at Pontiac Correctional Center. (Doc. 1). Plaintiff filed his complaint using Form AO 241 – Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. On September 12, 2022, Judge Colin S. Bruce entered an Order stating that the Court had reviewed Plaintiff's filings and determined that this case should not be classified under § 2254, but rather should be classified as a prisoner case under § 1983. This matter was converted to a prisoner case and reassigned to Judge Michael M. Mihm.

This case is now before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

1

**FACTS**

Plaintiff names Mindi as the sole Defendant. On an unspecified date, Plaintiff states that he was standing by the gate exit to leave the yard where the tactical team and leader stood with three majors. Plaintiff alleges that he complied with an order to go back to the wall and that there was never a code or order to get to the ground. Plaintiff alleges that he received a disciplinary report citing him for a dangerous disturbance and for disobeying a direct order. He alleges he was denied the right to call witnesses during a hearing in violation of his right to due process. He alleges further that the committee was not impartial or unbiased. He claims that he lost good time credit and was unable to participate in treatment and re-entry programs at a medium security facility.

**ANALYSIS**

Due process at prison disciplinary proceedings requires that an inmate: (a) receive advance written notice of the charges against him; (b) request witnesses and present documentary evidence in his defense (subject to the discretion of correctional officials); and (c) receive a written statement of the reasons for the disciplinary action taken. *Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974). Additionally, the committee's findings must be supported by "some" evidence. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "The deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." *Brokaw v. Mercer Co.*, 235 F.3d 1000, 1020 (7th Cir. 2000).

Plaintiff does not claim that he was denied notice or the opportunity to appear at a disciplinary proceeding. He claims that his due process rights were violated when an allegedly biased committee denied him the ability to call witnesses. While inmates are allowed to identify witnesses, this is done subject to institutional safety, and prison officials are not required to call

2

them. *Piggie v. McBride*, 277 F.3d 922, 924 (7th Cir. 2002). It appears that Plaintiff's witnesses were not called because the committee issued a summary stating that Plaintiff did not request a witness. (Doc. 1 at 4). Plaintiff does not state who was on the committee.

Plaintiff names Mindi as the sole Defendant, but he does not state how Mindi was involved or include any allegations against Mindi in his complaint. Liability under § 1983 requires a defendant's direct, personal involvement. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). An individual is only responsible for the harm that he or she personally inflicted on the prisoner. *Munson v. Gaetz*, 673 F.3d 630, 637 (7th Cir. 2012). For any claim brought under § 1983, the "plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Carmody v. Bd. of Trustees of the Univ. of Illinois*, 893 F.3d 397, 401 (7th Cir. 2018). Plaintiff fails to state a claim against Defendant Mindi. Therefore, Defendant Mindi is DISMISSED, without prejudice. Plaintiff is given leave to amend.

**IT IS THEREFORE ORDERED:**

1.    Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days in which to file an amended complaint. It is to be captioned "Amended Complaint" and is to include all of Plaintiff's claims, without reference to a prior pleading. Plaintiff's amended complaint will replace his complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. If Plaintiff repleads, he is to identify those individual persons whom he holds liable for violating his constitutional rights. The failure to file a timely amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2.      On September 7, 2022, Plaintiff filed a [2] Motion for Leave to File Exception to the Exhaustion of Remedies under 28 U.S.C. § 2254. This case was converted to a prisoner case on September 12, 2022. [2] is DENIED.

3.      On September 13, 2022, Plaintiff filed a [5] Motion for Correction, asking the Court to transfer this case from the Peoria Division to the Urbana Division where he intended to file it. When this matter was converted to a prisoner case, it was reassigned to Judge Michael M. Mihm and all subsequent pleadings were to be filed in the Peoria Division. [5] is DENIED.

4.      On September 15, 2022, Plaintiff filed a [6] Motion to Correct Filing Back to a Habeas Corpus Reconsideration, asking the Court to classify his complaint as a Petition for Writ of Habeas Corpus under § 2254 because his petition pertained to his good time credit. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In his complaint, Plaintiff alleges that his due process rights were violated at a hearing when his witnesses were not called. This cause of action arises under § 1983. *See Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997). [6] is DENIED.

5.      On September 20, 2022, Plaintiff filed a [7] Motion for Extension of Time to Pay Filing Fee. [7] is GRANTED. Plaintiff must either pay the $402.00 filing fee or file a Petition to Proceed *in forma pauperis* with the attached trust fund ledgers for the last 6 months on or before October 21, 2022. Failure to comply without good cause will result in dismissal of this case, without prejudice, and Plaintiff will still be responsible for payment of the filing fee. *See* 28 U.S.C. § 1914.


ENTERED:  9/21/2022

                                        s/ Michael M. Mihm
                                        Michael M. Mihm
                                        United States District Judge